UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| ERNEST MOON, | ) | CASE NO.  1:10 CV 0005 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ALCOA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On January 4, 2010, pro se plaintiff Ernest Moon filed this in forma pauperis action against his former employer, Alcoa, Inc.  Mr. Moon believes he was wrongfully discharged from Alcoa because of two misdemeanor convictions.

*Background*

Mr. Moon was employed by Alcoa as a security guard for eight years.  During that period, he had a "perfect work record." However, Maple Heights police officers arrived at his workplace on September 12, 2008 with a bench warrant for his arrest.  Mr. Moon was absent from work at the time, having left suddenly for the hospital to visit his mother who suffered a stroke that day.  During his absence the police allegedly shared confidential information with Alcoa regarding a pending criminal case.  When Mr. Moon returned to work, his interim supervisor, Frank Barazda, advised him to leave the office "pending the outcome of the case."  (Compl. at 1.)

The next day, Mr. Barazda telephoned Mr. Moon to ask him to return to work during the pendency of his case. Plaintiff remained at work until the time of his "pending case court date [which was] . . . rescheduled to October 2, 2008. This pending case was an attempted Sexual Imposition no proven facts, but just a verbal incident concluded with me being convicted. This case is now labeled as a (3rd Degree Misdemeanor)." (Compl. at 1.) He remained on vacation for four weeks "to try and clear up my legal matters." (Compl. at 1.)

When Mr. Moon returned to work on October 30, 2008, Mr. Barazda advised him to return home until Alcoa completed an independent investigation. Seven days later, Mr. Barazda telephoned plaintiff to notify him the investigation was complete. As a result, plaintiff was told he could not return to work for Alcoa. Mr. Barazda added that Mr. Moon's "conduct was not conducive with [sic] a Security Guard position with Alcoa Inc. . . . My supervisor had informed me that the company felt that my off duty conduct was inappropriate with the company's employment hiring practices." (Compl. at 2.)

Mr. Moon notes in his complaint that he also pleaded guilty to attempting to receive stolen property while employed as a Security Guard for Progressive Insurance from 1999 to 2001. In that case, the sentencing judge allegedly ordered him to leave his employment with Progressive because Mr. Moon's "plea bargain caused me to receive 1 yr. probation." (Compl.at 2.) At that time, however, he had already been hired by Alcoa.

Based on these facts, plaintiff claims his "off duty conduct with a misdemeanor plea bargain case does not constitute a termination from employment according to State Labor Laws." (Compl. at 2.) He cites "Rulon-Miller vs. IBM (1984)" in support of his assertion that he was wrongfully terminated. Mr. Moon claims, further, that Alcoa employs convicted felons, but

wrongfully fired him because he has two misdemeanor convictions.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Lack of Jurisdiction*

A claim falls within this court's original jurisdiction under 28 U.S.C. § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." Thornton v. Southwest Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir.1990) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[The well-pleaded complaint] rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 514 (6th Cir.2003) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "[T]he party who brings a suit is master to decide what law he will rely upon." The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913).

Here, Mr. Moon has failed to establish this court's jurisdiction over his complaint. His claim that he was wrongfully terminated based on 'off-duty' activities does not state a federal

3

claim. Moreover, his citation to Rulon-Miller is misplaced.[1] Rulon-Miller was an appeal from a decision by the Superior Court of San Francisco County based on California law. The case involved a marketing manager who was dismissed from IBM because of her romantic involvement with the manager of a rival firm. She successfully pursued a wrongful discharge and intentional infliction of emotional distress action under state law, claiming her employer's policies gave her the right to be free of inquiries concerning her personal life, and that such right was violated. To the extent Mr. Moon believes his cause of action is similar to Rulon-Miller, he has failed to state a federal claim.

*Conclusion*

Accordingly, plaintiff's Motion to Proceed In Forma Pauperis is granted and this action is dismissed under section 1915(e), without prejudice to any state law claim Mr. Moon may have under the facts alleged. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

                                                s/ Kathleen M. O'Malley
                                                KATHLEEN M. O'MALLEY
                                                UNITED STATES DISTRICT JUDGE

DATED: March 26, 2010

---

[1] The proper case citation is: Rulon-Miller v. International Business Machines Corp., 162 Cal.App.3d 241, 208 Cal.Rptr. 524 (Cal.App. 1 Dist.1984), overruled on other grounds in Foley v. Interactive Data Corp., 47 Cal.3d 654, 714, 254 Cal. Rptr. 211, 250, n. 42 (Sup. Ct. Cal.1988) (tort remedies are not available for breach of the implied covenant in an employment contract to employees who allege they have been discharged in violation of the covenant).

[2] The statute provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).